UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WENDELL DWAYNE O'NEAL,                                    Civil No. 05-2464 (DSD/SRN)

      Plaintiff,

    v.                                                                **REPORT AND**
                                                                                   **RECOMMENDATION**
UNKNOWN 911 DISPATCHER,
P.O. Y. FANG-sic VANG,
ST. PAUL POLICE DEPT.,
CITY OF ST. PAUL, MN,
AUTUMN X. NELSON, and
CITY OF ST. PAUL ATTORNEY
MANUEL CERVETES,

      Defendants.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's

pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 8), by which he

is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).

The matter has been referred to this Court for report and recommendation under 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that

Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff commenced this action in the United States District Court for the Northern

District of Alabama.  The case was later transferred to this Court, because it is readily

apparent that all of Plaintiff's claims arose in Minnesota, and all Defendants are located in

Minnesota.  (See Transfer Order dated October 17, 2005; [Docket No. 1].)

Plaintiff alleges that during the early morning hours of August 15, 2005, he was at the Radisson Hotel in St. Paul, Minnesota.  He placed a 911 call from the hotel, to report that his wallet had been stolen at some earlier date by a St. Paul police officer named Higgins. Defendant Y. Vang, another St. Paul police officer, responded to Plaintiff's 911 call from the hotel.  Upon arriving at the hotel, Defendant Vang arrested Plaintiff for trespassing, and then transported him to a police facility.  Plaintiff alleges that Vang arrested him, took him into custody, and deprived him of certain personal property, without adequate legal cause.

Plaintiff later pleaded guilty to the trespassing charge brought by Defendant Vang. During the guilty plea proceeding, the City of St. Paul was represented by Defendant City Attorney Manuel Cervetes, and Plaintiff was represented by Defendant Autumn X. Nelson. Plaintiff alleges that Defendants Cervetes and Nelson coerced him into pleading guilty against his will, by threatening to have additional charges brought against him if he contested the pending trespassing charge.

Plaintiff is now attempting to sue Defendants Vang, Cervetes, and Nelson, for their respective roles in his allegedly wrongful arrest and conviction.  He is also attempting to sue the "Unknown 911 Dispatcher" that he called shortly before his arrest, the St. Paul Police Department, and the City of St. Paul, (although the complaint does not clearly explain what these parties allegedly did that has caused them to be sued).  Plaintiff is seeking relief under 42 U.S.C. § 1983, claiming that Defendants violated his federal constitutional rights during the course of his arrest and guilty plea proceedings.  He is seeking a judgment against Defendants in the amount of $1,000,000 "per respective claim against them," as well as a

"lawful maximum Award of Punitive Damages."

## II.  DISCUSSION

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994).  In that case, the Supreme Court re-affirmed the longstanding rule that prohibits a person from challenging a state criminal conviction in a federal civil rights action.  According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus....  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.  See also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th

Cir. 1996) ("Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

In this case, a judgment in Plaintiff's favor would, in the words of Heck, "necessarily imply the invalidity of his conviction." Plaintiff claims that his arrest was illegal, because it was effected without probable cause, and that his guilty plea was invalid, because it was coerced by threats allegedly made by the prosecution and his own defense counsel. It is readily apparent that if Plaintiff were to prevail on these claims, the validity of his trespassing conviction would necessarily be placed in doubt.

According to Heck, however, civil rights claims based on alleged legal improprieties that led to a state criminal conviction cannot properly be brought in a federal civil rights action, unless the plaintiff has first established in a proper forum – i.e., in a state trial or appellate court, or in a federal habeas corpus proceeding – that his state criminal conviction, was in fact, invalid.[1] Because that pre-condition has not been satisfied here, (i.e., the trespassing conviction has not been overturned), Plaintiff's present complaint fails to state an actionable claim for relief. See Anderson v. Franklin County, Mo., 192 F.3d 1125, (8th Cir. 1999) (plaintiff's § 1983 claims of false arrest and imprisonment were properly dismissed pursuant

---

[1] Plaintiff's civil rights complaint cannot be construed as a habeas corpus petition, and entertained as such, because Plaintiff has not shown that he has exhausted all available state court remedies for challenging his trespassing conviction. See 28 U.S.C. § 2254(b) and (c). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

to Heck, because plaintiff's related criminal conviction had not been "rendered invalid"); Burch v. Naron, 333 F.Supp.2d 816, 824 (W.D.Ark. 2004) (allegedly false arrest that resulted in a conviction could not be litigated under § 1983, because "[o]ne element that must be proved in a § 1983 false arrest claim is termination of the prior proceeding in favor of the accused"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("[t]here is no question that Heck bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) ("Heck dictates that [plaintiff's] claim for false arrest is not cognizable in the absence of the invalidation of his conviction").

In short, Plaintiff's present action is premature.  He cannot maintain a civil action seeking damages (or any other civil remedy) for the alleged false arrest, malicious prosecution, or other wrongful actions that precipitated his trespassing conviction, without first securing a court order specifically invalidating that conviction.  In other words, he must successfully challenge the conviction itself, in a legally appropriate forum and manner, before he can seek a civil judgment based on the allegedly unconstitutional actions underlying his conviction.  Because Plaintiff has not yet done that, his complaint fails to state a cause of action on which relief can be granted.  See Wells, 45 F.3d at 95 (plaintiff "has no cognizable claim under § 1983 for malicious prosecution and his claim will never mature so long as his criminal conviction remains undisturbed").[2]

---

[2] The reasoning and authority of Heck are fully applicable to any common law tort claims that Plaintiff may be attempting to bring here.  See Heck 512 U.S. at 484 ("[o]ne element that must be alleged and proved in a [common law] malicious prosecution action is termination of the prior criminal proceeding in favor of the accused").

For the reasons discussed above, the Court will recommend that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).  It will be recommended that this action be dismissed without prejudice, however, so Plaintiff will still be able to pursue his present claims in a future action, if he can first establish, in a proper forum, that his trespass conviction should be vacated.  See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (noting that dismissals pursuant to Heck should be without prejudice).  But again, Plaintiff cannot attempt to sue Defendants in federal court unless his trespass conviction has first been overturned.

Finally, based on the Court's determination that Plaintiff has failed to plead an actionable claim, it will be recommended that all of Plaintiff's pending collateral motions – i.e., his IFP application, (Docket No. 8), his motion for preliminary injunction, (Docket No. 9), and his "consolidation motion," (Docket No. 10) – be summarily denied.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 8), be DENIED;

2.  Plaintiff's motion for preliminary injunction, (Docket No. 9), be DENIED;

3.  Plaintiff's consolidation motion, (Docket No. 10), be DENIED; and

4.  This action be DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 10, 2005                              s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 25, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.