UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2464(DSD/SRN)

Wendell Dwayne O'Neal,

       Plaintiff,

v.   **ORDER**

Unknown 911 Dispatcher,
Y.P.O. Fang-sic Vang,
St. Paul Police Department,
City of St. Paul, MN,
Autumn X. Nelson, and
City of St. Paul Attorney
Manuel Cervetes,

       Defendants.


This matter is before the court upon plaintiff's objections to the amended report and recommendation of United States Magistrate Judge Susan R. Nelson dated November 14, 2005. In her report, the magistrate judge recommended that plaintiff's application to proceed in forma pauperis ("IFP") be denied and the action summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, the court adopts the report and recommendation in part.


**BACKGROUND**

Plaintiff Wendell Dwayne O'Neal alleges that at some time before August 15, 2005, a St. Paul, Minnesota, police officer named

"Higgins" stole his wallet. On August 15, 2005, plaintiff placed a 911 call from the Radisson Hotel in St. Paul to defendant Unknown 911 Dispatcher to report the stolen wallet. Defendant police officer Y. Vang responded to the call. Upon arriving at the hotel, Vang arrested plaintiff for trespassing, searched him and brought him to a police facility. Plaintiff alleges that Vang unlawfully detained him "for extensive hours" and deprived him of certain personal property.

Plaintiff pleaded guilty to the trespassing charge. He was represented by defendant Autumn X. Nelson, and defendant City of St. Paul was represented by defendant Manuel Cervetes. Plaintiff alleges that Nelson and Cervetes coerced him into pleading guilty. Throughout the entire ordeal, from placing the 911 call to pleading guilty and being released, plaintiff alleges that defendants and various other actors intentionally subjected him to emotional distress.

Plaintiff filed this action on October 6, 2005, in the Northern District of Alabama. On October 17, his case was transferred to the District of Minnesota pursuant to 28 U.S.C. § 1406. Plaintiff cites 42 U.S.C. §§ 1983, 1985 and 1988 as the basis for his claims of false arrest, unlawful detention, unlawful deprivation of property, unlawful search and seizure, intentional infliction of emotional distress, malicious prosecution and ethnic

intimidation. He seeks a judgment against defendants in the amount of $1,000,000, plus punitive damages. Upon plaintiff's request to proceed in forma pauperis, the magistrate judge recommended dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff's complaint fails to state any claim upon which relief can be granted.

## DISCUSSION

This court reviews the reports and recommendations of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C).

An action filed in forma pauperis must be dismissed at any time if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); see Christiansen v. Clarke, 147 F.3d 655, 657 (8th Cir. 1998) (dismissing IFP complaint for failure to state a claim before service of process and without leave to amend). Determining whether a complaint meets the requirements of 28 U.S.C. § 1915 precedes the decision whether to grant IFP status. See Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994).[1] A pro se pleading must be construed liberally. Atkinson v. Bohn, 91 F.3d

---

[1] In 1995, section 1915(e) replaced the 1915(d) provisions, which required dismissal of an IFP action only if the action was frivolous or malicious. Carney involved section 1915(d), and the court held that determining whether a complaint is frivolous or malicious must precede the decision whether to grant IFP status. 33 F.3d at 895.

1127, 1129 (8th Cir. 1996).  Nonetheless, "the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] pro se complaint must contain specific facts supporting its conclusions.").

Plaintiff objects to the magistrate judge's conclusion that his claims are precluded by the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994).  Heck bars any civil rights suit for damages that, if successful, would imply the invalidity of a state criminal conviction.  See 512 U.S. at 486-87; Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004).  To determine whether a claim is Heck-barred, the court looks "'to the essence of the plaintiff's claims.'"  Portley-El v. Brill, 288 F.3d 1063, 1067 (8th Cir. 2002) (quoting Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996)).

Here, the bases for plaintiff's false arrest and malicious prosecution claims necessarily imply that his conviction for trespass was invalid.  As to malicious prosecution, the claim requires that prior criminal proceedings be terminated in favor of the accused.  See Heck, 512 U.S. at 484.  As to false arrest, plaintiff alleges that he was a guest at the hotel, was not asked to leave by hotel staff and that defendant Vang arrested him for improper purposes.  These allegations, if true, would necessarily

4

imply that plaintiff's conviction for trespass was invalid. Cf. Wiley, 361 F.3d at 997 (facts alleged by plaintiff demonstrated that false arrest claim necessarily implied invalidity of conviction). For these reasons, the court finds that the magistrate judge correctly concluded that plaintiff's false arrest and malicious prosecution claims are barred by Heck and subject to dismissal.

However, Heck does not fully bar plaintiff's remaining claims. As to an alleged unreasonable search, such a claim does "not necessarily imply that the plaintiff's conviction was unlawful." Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (emphasis omitted). Therefore, the court will determine whether plaintiff has otherwise stated an unreasonable search claim upon which relief may be granted. Police do not need a warrant to lawfully search an arrested person and areas within his immediate control. Smith v. Ohio, 494 U.S. 541, 543 (1990); see Chimel v. California, 395 U.S. 752, 762-63 (1969) (it is reasonable for arresting officer to search person arrested and near vicinity). Here, plaintiff bases his unlawful search claim only on the fact that defendant Vang did not have a warrant. However, Vang did not need a warrant to search plaintiff and his belongings because he had just been arrested. For this reason, plaintiff has failed to allege facts to support

5

his claim that the search was unreasonable or unlawful. Therefore, the claim is subject to dismissal.

Plaintiff's claims for unlawful detention and unlawful deprivation of property are also not Heck-barred because they do not necessarily imply that the trespass conviction was invalid. Rather, plaintiff challenges the length or fact of his detention immediately following his arrest and the failure of defendants to return certain personal property to him. As to plaintiff's unlawful detention claim, the court liberally construes his claim as setting forth an alleged violation of his right under the Fourth or Fourteenth Amendment of the United States Constitution to be free from unreasonable detention. Such a claim requires proof that the defendant was deliberately indifferent to the plaintiff's right to be released. See Goldberg v. Hennepin County, 417 F.3d 808, 811 (8th Cir. 2005). However, plaintiff has failed to allege any facts that would support a claim of unreasonable detention or deliberate indifference to such detention.[2] Therefore, a dismissal of his unlawful detention claim is warranted.

---

[2] In both his objections to the magistrate judge's report and recommendation and his motion to amend, plaintiff references Minnesota Rule of Criminal Procedure 6.01 in connection with his unlawful detention claim. However, it is unclear in what respect Rule 6.01 was allegedly violated. For example, the rule expressly authorizes detention under certain circumstances, but plaintiff has not alleged any specific facts concerning such circumstances.

As to plaintiff's unlawful deprivation of property claim, "an unauthorized intentional deprivation of property by a state employee does not constitute a [§ 1983] violation ... if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff may pursue a state law conversion claim for any property he alleges was wrongfully taken from him. See Ali v. Ramsdell, 423 F.3d 810, 814 (8th Cir. 2005) (Minnesota law provides adequate remedy for claim that police officer took plaintiff's cash). Therefore, his federal unlawful deprivation of property claim is subject to dismissal on the merits.

Plaintiff's intentional infliction of emotional distress claim is Heck-barred insofar as he alleges that certain defendants caused him to plead guilty to the trespass charge. See Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999) (plaintiff's claims based on allegation that guilty plea was coerced were barred by Heck). The remainder of his claim lacks factual support. A claim of intentional infliction of emotion distress must include sufficient factual allegations to establish that the defendant's conduct (1) was extreme and outrageous, (2) was intentional or reckless and (3) caused plaintiff severe emotional distress. See Langeslag v. KYMN Inc., 664 N.W.2d 860, 864 (Minn. 2003). Outrageous conduct is "'so atrocious that it

7

passes the boundaries of decency and is utterly intolerable to the civilized community.'"  Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 439 (Minn. 1983) (quoting Haagenson v. Nat'l Farmers Union Prop. & Cas. Co., 277 N.W.2d 648, 652 n.3 (Minn. 1979)).

Here, plaintiff fails to allege facts sufficient to show extreme and outrageous conduct by defendants towards plaintiff. Further, the court notes that plaintiff alleges acts by individuals not named in this action, without stating how the named defendants are responsible.  For all of the above reasons, plaintiff has failed to state a claim for intentional infliction of emotional distress upon which relief may be granted.[3]  Therefore, his claim is subject to dismissal.

It is unclear whether plaintiff's claim for ethnic intimidation is Heck-barred because has not identified any specific conduct to support his claim.  Regardless, he has stated no state or federal legal basis for such a claim.  Therefore, the claim is subject to summary dismissal.

Plaintiff's motion to amend his complaint does not remedy the inadequacies discussed above.  Further, the additional claims asserted by plaintiff in his motion to amend suffer from similar

---

[3] The court notes that even if plaintiff could set forth a viable claim of intentional infliction of emotional distress, the court would decline to exercise supplemental jurisdiction over that claim.  See 28 U.S.C. § 1367(c)(3).

defects, the most notable of which is his failure to allege specific facts to support the sweeping legal claims. Therefore, plaintiff's motion to amend is denied.

**CONCLUSION**

Accordingly, after a de novo review of the files and record in this matter, and for the reasons stated, the court adopts the report and recommendation of the magistrate judge in part. Therefore, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's complaint [Doc. No. 7] is dismissed.

2.   Plaintiff's motion for leave to proceed in forma pauperis [Doc. No. 8] is denied as moot.

3.   Plaintiff's motion for preliminary injunction [Doc. No. 9] is denied as moot.

4.   Plaintiff's motion for consolidation [Doc. No. 10] is denied as moot.

5.   Plaintiff's motion to amend his complaint [Doc. No. 13] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 29, 2005

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court