UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2464(DSD)

Wendell Dwayne O'Neal,

        Plaintiff,

v.                                                    **ORDER**

Y.P.O. Fang-sic Vang,
St. Paul Police Department,
Autumn X. Nelson, City of
St. Paul, Minnesota and
Manuel Cervetes,

        Defendants.

    This matter is before the court upon the application of plaintiff Wendell Dwayne O'Neal to proceed in forma pauperis (IFP) on appeal.

    A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be

decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis in either law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

The court has carefully reviewed the record in this case. Relevant to the present appeal, O'Neal petitioned the state court for an order expunging his criminal record. On July 26, 2011, a state judge granted an order for expungement "FOR COURT RECORDS ONLY" ECF No. 23, at 1. O'Neal argues that Heck v. Humphrey, 512 U.S. 477 (1994) no longer applies to this action. Statutory expungement is limited to cases where "all pending actions or proceedings were resolved in favor of the petitioner" under Minnesota law. Minn. Stat. § 609A.02, subdiv. 3. "Expungement under chapter 609A applies to criminal records held by executive-branch law-enforcement agencies as well as to judicial records." State v. J.R.A., 714 N.W.2d 722, 725 (Minn. Ct. App. 2006). In contrast, when a case is not resolved in favor of a petitioner, the court has inherent authority to seal only its own records, and may not extend its authority to executive agencies when "necessary to the existence, dignity, and function of a court because it is a court." State v. N.G.K., 770 N.W.2d 177, 183 (Minn. Ct. App. 2009) (quoting State v. S.L.H., 755 N.W.2d 271, 278 (Minn. 2008).

In the present case, the state court merely sealed O'Neal's court records.  Sealing the record of the court has no effect on the underlying conviction and does not result in a disposition in O'Neal's favor.  It is not the same as a reversal or invalidation of the conviction or an executive expungement, which has the effect of changing the underlying outcome of a criminal proceeding.  As a result, it appears that the appeal is without merit and has no chance of success.  However, the court cannot say that O'Neal's argument lacks any arguable basis.  Because O'Neal has shown that he is financially eligible to proceed in forma pauperis, granting the motion is warranted.

Accordingly, based on the foregoing, and the file, record and proceedings herein, **IT IS HEREBY ORDERED** that the application to proceed in forma pauperis [ECF No. 30] is granted.

Dated:  February 16, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
